**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

NATIONWIDE GENERAL INSURANCE COMPANY,

        Plaintiff,

v.                                          CIVIL ACTION NO.: 2:21-cv-00401

BRIAN A. STAPLES,

and

NORMAN C. STEVENS,

        Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Nationwide General Insurance Company ("Nationwide"), by counsel, and for its Complaint for Declaratory Judgment hereby states as follows:

### THE POLICY OF INSURANCE AT ISSUE

1.     This Complaint for Declaratory Judgment is filed to determine the construction, interpretation, and application of the Homeowners Policy 53 45 HR 139699 issued to Brian and Jennifer Staples, and attached hereto as Exhibit A ("the Policy").

2.     The aforesaid policy was in effect at the time of the incident giving rise to this action and affords $500,000.00 in liability insurance coverage. It has been asserted that Brian Staples is entitled to coverage under the Policy.

3.     There are no other insurance policies issued or written by Nationwide, or any parent, subsidiary or affiliate insurance carrier of Nationwide that could afford insurance coverage or benefits to Brian Staples for the claims and causes of action hereinafter described, other than the Nationwide Policy at issue.

## JURISDICTIONAL STATEMENT

4.     Nationwide is an Ohio corporation with its principal place of business located in Columbus, Ohio. Nationwide is, and at all times relevant to this action was, duly authorized to conduct business in the Commonwealth of Virginia.

5.     Defendant Brian Staples ("Staples") is an individual who is of the age of majority, who is *sui juris*, who is not a member of the Armed Forces of the United States on active duty, and who is a resident of the Commonwealth of Virginia. Brian Staples is a necessary party to this action because he seeks insurance coverage under the Nationwide Policy for the claims and cause of action hereinafter described.

6.     Defendant Norman Stevens ("Stevens") is an individual who is the age of majority, who is *sui juris*, who is not a member of the Armed Forces of the United States on active duty, and who is a resident of the Commonwealth of Virginia. Norman Stevens is the Plaintiff in the tort action.[1]

7.     This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332 based upon complete diversity of citizenship between the Plaintiff and the Defendants hereto, and because the amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) exclusive of interest and costs.

8.     This Court has jurisdiction to issue a declaratory judgment as to the rights and obligations of the parties hereto pursuant to 28 U.S.C. § 2201.

9.     All necessary and indispensable parties whose legal rights are impacted by the controversy at issue in this action have been properly joined herein.

---

[1] Stevens' tort action is pending in the Virginia Beach Circuit Court and bears case number CL20-5096. The Complaint in the tort action is attached as Exhibit B.

*FACTS UNDERLYING THE CLAIM*

10.     Stevens filed a personal injury lawsuit against Staples, seeking judgment of $1,650,000.00 for compensatory damages and $1,000,000.00 for punitive damages, plus costs and interest. *See* Exhibit B at the "Prayer for Relief."

11.     It is alleged by Stevens, that on or about December 20, 2019, he was physically attacked and injured by Staples at an AJ Gators Sports Bar and Grill. *See* Exhibit B, paragraph 8 and 14.

12.     Staples did not notify Nationwide of the December 20, 2019 incident until August 14, 2020.

13.     As a result of Steven's tort action, Nationwide has been called upon to provide Staples with a defense and coverage pursuant to the Policy.

14.     Nationwide is currently defending Staples under a Reservation of Rights. However, no defense or coverage is owed because, *inter alia*, Stevens' injuries were the result of the intentional acts of Staples and because Staples failed to provide timely notice of the incident to Nationwide.

*THE CONTROVERSY*

15.     Nationwide contends that no defense nor indemnity coverage is owed to Staples. Therefore there exists an actual controversy and dispute between the parties hereto involving the obligation of Nationwide to defend and be liable for damages allegedly caused by the acts and/or omissions of Staples on December 20, 2019, including the claims and causes of action asserted in the tort action.

**First Request for Declaratory Relief**
**No Coverage for Intentional Acts**

16.     The Nationwide Homeowners Policy, at Page 27, Liability Exclusions, Section D, paragraph 1, specifically excludes from coverage bodily injury "which is expected or intended by an insured."

17.     The injuries allegedly sustained by Stevens, as set forth in the claims and causes of action in the tort action, were expected or intended by Staples. *See e.g.,* Exhibit B, at paragraph 14.

18.     Said differently, Stevens' alleged injuries were the reasonably foreseeable result of Staples' intentional acts.

19.     As a result of Staples' alleged assault and the resulting tort action filed by Stevens, Nationwide has been called upon to provide Staples with a defense and coverage pursuant to the Policy.

20.     Nationwide denies that it has any obligation to provide insurance coverage under the Nationwide Policy for the claims and causes of action arising out of the events of December 20, 2019, including those that are the subject of the tort action, on the grounds that the subject insurance policy does not provide coverage for claims caused intentionally by an insured, including acts the result of which the insured knows or ought to know will follow from the insured's conduct.

21.     The claims and causes of action described herein, and in the underlying tort action, constitute claims caused intentionally by Staples, and constitute the consequences of willful acts the result of which Staples knew, or ought to have known, would follow from his conduct.

22.     Additional Policy exclusions may also preclude Nationwide from owing any duty to Staples with respect to the events of December 20, 2019 and the claimed damages set forth herein in the tort action.

## Second Request for Declaratory Relief
### Late Notice

23.     The preceding and following paragraphs of this Complaint for Declaratory Judgment are incorporated by reference as if fully restated herein.

24.      The liability conditions (page 31, Section II, paragraph C) of the Nationwide Policy required Staples to give notice to Nationwide as soon as practicable in case of an occurrence.

25.     The duty to provide timely notice of an occurrence is a condition precedent to coverage under the Nationwide Policy.

26.     The alleged incident – Staples allegedly attacking Stevens – occurred on December 20, 2019.

27.     The first notice provided to Nationwide of the incident occurred on August 14, 2020.

28.     Staples failed to comply with the conditions of the Policy by failing to timely notify Nationwide of the December 20, 2019 incident.

29.     As a result of Stevens' tort action, Nationwide has been called upon to provide Staples with a defense and coverage pursuant to the Policy.

30.     Nationwide denies that it has any obligation to provide insurance coverage under the Nationwide Policy for the claims and causes of action arising out of the events of December 20, 2019, including those that are the subject of the tort action, on the grounds that Staples failed to timely notify Nationwide of the incident as required by the explicit terms of the Policy.

WHEREFORE, having set forth the grounds for its Complaint for Declaratory Judgment, Nationwide prays as follows:

(1) That this Court rule it has jurisdiction to issue a Declaratory Judgment as to the rights and obligations of the parties hereto, that venue is proper for the adjudication of the rights and obligations of the parties hereto, and that all necessary and essential parties have been properly joined herein;

(2) That this Court rule that the Policy does not afford liability insurance coverage for any claims from any parties for any of the incidents set forth herein or the recovery sought for the damages set forth herein;

(3) That this Court find the that the claims and causes of action arising out of the events of December 20, 2019, including those described in the tort action, are not claims arising out of an occurrence or an accident within the meaning of the Nationwide Policy; and

(4) That this Court finds the claims and causes of action arising out of the events of December 20, 2019, including those described in the tort action, constitute claims caused intentionally by Staples, and constitute the consequences of willful acts the result of which Staples knew, or ought to have known, would follow from his conduct; and

(5) That this Court find that Nationwide owes no duty to defend or to provide coverage for the claims and causes of action arising out of the events of December 20, 2019, including those described in the tort action, for Staples failure to provide timely notice of the December 20, 2019 incident to Nationwide as required under the Nationwide Homeowners Policy; and

(6) That this Court declare that Nationwide has no obligation to provide a defense, insurance coverage, or any other benefits to or for Staples, or any other Defendant in this action, or to pay any judgments, settlements or claims arising, either directly or indirectly, out of the

events of December 20, 2019, including the claims and causes of action that are the subject of

the tort action;

(7) That this Court enter an Order establishing the above-noted rulings, findings of fact,

and conclusions of law; and,

(8) That this Court grant to Nationwide such further relief as it might deem appropriate.


NATIONWIDE GENERAL INSURANCE
COMPANY


_____/s/_____

Shawn A. Voyles, Esquire (VSB #43277)
Paul R. Schmeding, Esquire (VSB #89542)
McKenry Dancigers Dawson, P.C.
192 Ballard Court, Suite 400
Virginia Beach, Virginia 23462
Phone:  (757) 461-2500
Fax:     (757) 461-2341
Email: savoyles@va-law.org
Email: prschmeding@va-law.org